People v Pritchard (2025 NY Slip Op 03923)

People v Pritchard

2025 NY Slip Op 03923

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

485 KA 21-01660

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JENNIFER L. PRITCHARD, DEFENDANT-APPELLANT. 

TINA L. HARTWELL, PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (ROBERT ROSE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered July 9, 2018. The judgment convicted defendant upon her plea of guilty of aggravated vehicular homicide and aggravated driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, aggravated vehicular homicide (Penal Law § 125.14 [1]). We agree with defendant that her waiver of the right to appeal is invalid. County Court mischaracterized the nature of the right that defendant was being asked to cede by portraying the waiver as an absolute bar to defendant taking an appeal, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues. We therefore conclude that the waiver of the right to appeal was not knowingly and voluntarily made (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). We nevertheless reject defendant's contention that the negotiated sentence is unduly harsh and severe.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court